IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JANET CUMMINGS SMITH,

    Plaintiff,

v.                                                 3:13-CV-004533-M-BK

JPMORGAN CHASE BANK, N.A.,

    Defendant.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Standing Order of Reference*, this case has been referred to the undersigned for pretrial management. (Doc. 6). The cause is now before the Court on Defendant's *Motion to Dismiss*. (Doc. 3). For the reasons that follow, it is recommended that the motion be **GRANTED**.

### I. PROCEDURAL BACKGROUND

In November 2013, Plaintiff brought this action in state court in connection with Defendant's attempted foreclosure of her home. She alleges that in October 2006, she obtained a home equity line of credit and executed a note and deed of trust for the benefit of Defendant in that regard. (Doc. 1-3 at 9). Plaintiff contends that the amount Defendant advanced on the line of credit was more than 50 percent of the fair market value of the property in breach of Texas Constitution Article XVI, section 50(t). *Id.* She alleges that she advised Defendant of the problem, which it failed to correct in violation of Texas Constitution Article XVI section 50(a)(6)(Q)(x) ("section 50(a)(6)"). Accordingly, Plaintiff brought a cause of action under section 50(a)(6) and sought a declaration that the deed of trust and lien claimed by Defendant on her property was not valid. *Id.* at 10. Defendant removed the case to this Court based on

diversity jurisdiction and now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint is barred by the statute of limitations. (Doc. 1; Doc. 3). Plaintiff did not file a response to the motion.[1]

## II. MOTION TO DISMISS

### A. Rule 12(b)(6) Standard

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing cases).

### B. Defendant's Argument

Defendant contends that Plaintiff filed her section 50(a)(6) claim several years late because such violations are governed by a four-year statute of limitations, which begins to run

---

[1] When Plaintiff had not filed a timely response to the dismissal motion, the undersigned issued an *Order to Show Cause* directing counsel to explain why no response had been filed. (Doc. 7). Counsel responded that (1) no response to a dismissal motion was required under the Rules and (2) counsel did not realize that he had not timely prepared a response until he received the Court's show cause order. (Doc. 8 at 1). Counsel simultaneously moved to extend the deadline respond to Defendant's dismissal motion, but did not give good cause (or provide any explanation at all) for why he had not timely filed or why he required an extension. (Doc. 9). Accordingly, the undersigned denied the extension motion for lack of good cause shown. (Doc. 10).

when the loan closes. (Doc. 3 at 3). In this case, Defendant urges, the loan closed in 2006 and Plaintiff did not file suit until over seven years later. *Id.* Defendant further asserts that Plaintiff is not entitled to declaratory relief because her substantive claim fails. *Id.* at 4.

**C.     Applicable Texas Law**

Texas Constitution Article 16 section 50(t) sets forth the defining factors of a home equity line of credit, stating that it is a type of open-ended account that may be debited and under which credit may be extended so long as certain state constitutional requirements are met. One such requirement is that a home equity line of credit cannot have a total principal amount outstanding that exceeds 50 percent of the fair market value of the home. TEX. CONST. ART. XVI § 50(t)(6). Pursuant to the home equity provisions of the Texas Constitution, the lender forfeits all principal and interest in the property if it fails to comply with these constitutional requirements. TEX. CONST. ART. XVI § 50(a)(6)(Q)(x). Nevertheless, there exists a provision by which a lender can cure such a violation. Specifically, a borrower can give a lender notice of a constitutional violation that renders a home equity lien against the borrower's homestead void, after which the lender has 60 days to cure the violation so that it may ultimately recover from the real estate collateral in the event of the borrower's default. *Id.* If the lender fails to correct its noncompliance by the sixtieth day after the borrower notifies the lender of the violation, the lender forfeits all principal and interest in the property. *Id.*; TEX. CONST. ART. XVI, § 50(c) (providing that no lien on a homestead "shall ever be valid unless it secures a debt described by this section.").

Section 50(a)(6) does not contain a specific statute of limitations period. Under Texas law, however, when there is no express limitations period, a residual four-year statute of

3

limitations applies. *See* TEX. CIV. PRAC. & REM. CODE §16.051 ("Every action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues."). The Court of Appeals for the Fifth Circuit recently held that Texas's residual four-year statute of limitations applies to all claims brought under section 50(a)(6). *Priester v. JP Morgan Chase Bank N.A.*, 708 F.3d 667, 674-76 (5th Cir.), *cert. denied*, 134 S. Ct. 196 (2013). The limitations period begins to run on the date that the loan closes. *Id.* (rejecting application of the discovery rule because the injury in question is certain to be "discovered within the prescribed limitations period."). If a borrower fails to file suit challenging the validity of a home equity lien prior to the passage of the limitations period, the lien becomes valid. *Id.* at 678 (holding that "once the period of limitations has passed, the lien is no longer voidable and is valid").

**D.     Analysis**

In the case at bar, Plaintiff admits that the home equity loan on her property closed on or about October 26, 2006. (Doc. 1-3 at 9). Therefore, the alleged section 50(a)(6) violation occurred in 2006. *Priester*, 708 F.3d at 675-76. Plaintiff did not file this lawsuit until November 4, 2013, more than three years after the statute of limitations expired. *Id.* at 674. Her state constitutional claim is, therefore, barred as a matter of law by the four-year statute of limitations applicable to section 50(a)(6) claims. *Id.*; *see Stretcher v. Bank of Am., N.A.*, No. 3:13-CV-2932-L, 2013 WL 6017460, *3-4 (N.D. Tex. 2013) (Lindsay, J.) (applying *Priester* to the plaintiffs' section 50(a)(6) claims and holding that the suit was barred by Texas's four-year residual limitations period); *Cypert v. USBC Bank USA Nat'l Ass'n*, No. 3:13-CV-1032-D, 2013 WL 5822339, *2 (N.D. Tex. 2013) (Fitzwater, C.J.) (same). Accordingly, Plaintiff's substantive

4

claim for relief should be dismissed.

Plaintiff's declaratory relief claim also fails. When a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, * 5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.). That Act provides that a federal court may declare the rights and legal relations of any interested party. However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, because Plaintiff's substantive claim fails for the reasons stated above, she is not entitled to any relief under the Declaratory Judgment Act. Accordingly, Plaintiff's claim under that Act should be dismissed as well. *See Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. 2013) (Lynn, J.) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Accordingly, Plaintiff's case should be dismissed in its entirety.

The only remaining issue is whether the action should be dismissed with or without prejudice. Ordinarily, the Court would recommend that Plaintiff be permitted to amend her complaint in an attempt to cure the pleading defects identified by Defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Here, Plaintiff's claims all stem from facts that should have been apparent from the loan documents as

the time of closing; thus, her claim is fatally infirm.  Consequently, granting leave to amend would be futile and cause needless delay.

### III.  CONCLUSION

For the reasons set forth above, it is recommended that Defendant's *Motion to Dismiss* (Doc. 3) be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 5, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

6